# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2012

Lyle W. Cayce
Clerk

No. 11-50898
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VINCENT JULIAN TOVAR, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-112-1

Before  SMITH, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Vincent Julian Tovar, Jr., appeals his convictions for possession with intent to distribute at least 50 grams of methamphetamine and possession of a firearm during the commission of a drug-trafficking offense, challenging the district court's denial of his motion to suppress evidence.  He argues that the district court clearly erred in finding that both a Texas narcotics agent and the confidential informant were credible because their testimony concerning the color of Tovar's vehicle and the timing of Tovar's arrest was inconsistent.  He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that officers lacked probable cause to arrest him because he did not commit a traffic violation and his action of driving into a convenience store parking lot was not in itself suspicious.

The district court did not err in denying Tovar's motion to suppress. If the evidence is viewed in the light most favorable to the Government, *see United States v. Guerrero-Barajas*, 240 F.3d 428, 432 (5th Cir. 2001), agents had probable cause to believe that the vehicle belonged to and was driven by the informant's source and that he was transporting methamphetamine. The confidential informant was known, and her admission against interest that she had previously purchased methamphetamine from Tovar several times strengthened her credibility. *See United States v. Shugart*, 117 F.3d 838, 844 (5th Cir. 1997). Agents corroborated the informant's tip by monitoring her telephone conversations arranging the drug transaction with Tovar and by conducting surveillance of the arranged drug transaction. Although the informant incorrectly stated that the vehicle was brown, she correctly identified the vehicle as a dark colored four-door Nissan Altima, and the remaining information she provided was correct. Further, she was present across the street from the arranged meeting place, she positively identified the vehicle as belonging to her source, and she also positively identified the driver as her source. Tovar's behavior was suspicious in that he parked in an isolated area of the parking lot, remained in his car for approximately five minutes, and then attempted to leave; his actions did not indicate that he had a legitimate reason for going to the convenience store. Tovar's arguments concerning the inconsistencies in the testimony of the informant and Agent Rieger lack merit; the informant did not testify at the suppression hearing and, therefore, the district court did not rely on her sentencing hearing testimony in denying the motion to suppress. Under the totality of the circumstances, the agents' surveillance that corroborated the informant's tip was sufficient to establish probable cause to arrest Tovar and to search his vehicle. *See Illinois v. Gates*,

462 U.S. 213, 241 (1983); *United States v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006).

AFFIRMED.